By the Court.—Sedgwick, Ch. J.
—The construction of U. S. Rev. Stat., § 5242, is, that no attachment shall be issued against a national banking association or its property after it has committed an act of insolvency (Robinson v. National Bank of Newberne, 81 N. Y. 385).
The learned counsel for appellants argued that the insolvency referred to in § 5242 was of the kind that was referred to in the other parts of the acts on the same subject, such as allowing circulating notes to go to protest (§§ 5226, 5227-5234), or allowing judgments recovered to remain unpaid for thirty days (act of June 30, 1876), or by the determination of the comptroller of the currency after an examination (§ 5244). A consideration of the character and *122 policy of § 5242 shows that in it, the word insolvency has its usual and general meaning, viz., a condition in which it cannot meet its current pecuniary obligations. In effect, this . was decided by the general term of the supreme court at its term of January, 1883 (MSS. of Judge Brady, citing Irons v. Manufacturers’ National Bank, 6 Biss. 301).
The other claim is, that there was no proof that at the ■ time the attachment was allowed the bank was insolvent. The proof of insolvency was too strong to sustain any supposition that the bank could then have been solvent. The bank had stopped business for several weeks before, and did not do any business for several weeks after the attachment was allowed. Without some clear explanation of these facts, the inference is it must have been unable to - meet its current pecuniary obligations.' The plaintiff himself says in his affidavit, that he is informed that it is in embarrassed circumstances, and is about to or has. already failed, and so believes, after presentation of the certificate of deposit, as to which the action is brought. After a while the bank began business and continued it for some time, until it finally abandoned any attempt to go on. The evidence shows that it resumed business because of its receiving money, which it did not control, and was not entitled to at the time it first stopped or when the attachment was allowed.
The order appealed from should be affirmed, with $10 costs.
O’Gorman and Ingraham, JJ., concurred.